IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS A. ROMERO,
     Petitioner,

v.                                   Case No. 3:10cv531/MCR/MD

EDWIN G. BUSS,
     Respondent.
_____

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to Title 28 U.S.C. § 2254 (doc. 1).   Respondent filed an appropriate motion to dismiss asserting the petition is untimely (doc. 11).   Petitioner filed a reply (doc. 15) and a motion for summary judgment (doc. 16).   The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).   After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.   It is further the opinion of the undersigned that the pleadings and attachments before the court show that Mr. Romero is not entitled to relief, and the petition is untimely and should be dismissed with prejudice.

## BACKGROUND AND PROCEDURAL HISTORY

On August 16, 1996, following a jury trial, Thomas Anthony Romero was convicted in the Circuit Court of Santa Rosa County, Florida, of first degree murder, robbery with a deadly weapon, and conspiracy to commit robbery with a deadly

weapon (doc. 12, ex. A, pp. 42-43).[1]  Mr. Romero was sentenced to two concurrent terms of life imprisonment on counts one and two, and one term of fifteen years imprisonment on count three to be served concurrent with count one (ex. B-1, pp. 48-57).

Mr. Romero appealed his conviction and sentence to the Florida First District of Appeals ("First DCA") (ex. PD-1, dkt. December. 20, 1996).  On March 4, 1998, the First DCA *per curium* affirmed the sentence without written opinion.  *Romero v. State of Florida*, 709 So.2d 541 (Fla. 1st DCA 1998) (Table) (copy at ex. B-2).

Mr. Romero did not seek further relief from his sentence until May 1, 2007, when he filed a state petition for writ of habeas corpus asserting entitlement to file a belated motion for post-conviction relief (ex. C).  The petition states Mr. Romero wrote to his trial counsel in 1996 requesting copies of his "case file".  His counsel responded that he would furnish copies when he completed his representation for Mr. Romero's direct appeal.  While Mr. Romero acknowledges his counsel wrote him a letter in early 1998, informing him of the result of his direct appeal, Mr. Romero claims he did not receive the letter because he had been temporarily transferred to another correctional institution.   Upon return, Mr. Romero states he wrote his counsel on April 17, 1998, requesting copies of "court materials".  (Ex. C, pp. 2-3). His counsel did not respond.  Mr. Romero filed a complaint with the Florida Bar Association, to which his counsel responded on February 4, 2007 (ex. D, p. 44).  Mr. Romero claims he did not learn of the outcome of his appeal until he received the 2007 letter (ex. C., p. 3).  His petition for state habeas corpus states his failure to file post-conviction proceedings from 1998 to 2007 was a direct result of his counsel's failure to "furnish Petitioner with requested trial transcripts and documents concerning Petitioner's case" or advise him of his right to state post-conviction remedies (ex. C, p. 5).  He concludes these actions show good cause and excusable neglect for failing to file a timely Rule 3.850 motion (ex. C, p. 5).

---

[1]  Hereafter all references to exhibits will be to doc. 12 unless otherwise noted.

The same day, Mr. Romero filed a separate belated motion for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure (ex. D, p 1). Mr. Romero raised four grounds for relief based on fundamental error and ineffective assistance of counsel (ex. D, pp. 1-18).

On October 8, 2007, the circuit court issued an order denying Mr. Romero's state petition for habeas corpus relief (ex. D, p. 42). It found that Mr. Romero failed to file a Rule 3.850 motion for post-conviction relief within two years after his judgment and sentence became final (ex. D, p. 43). It further determined Mr. Romero failed to show good cause and excusable neglect for untimely filing. The court found that Mr. Romero's counsel's June 24, 1997, letter put him on notice that his appeal would probably take a year.[2] Moreover, Mr. Romero's counsel did not have an obligation to advise him of his post-conviction rights following appeal. (Ex. D, p. 44). The court emphasized Mr. Romero's lack of excusable neglect:

> It is particularly significant that Defendant fails to allege he made any effort to file for collateral relief or make any independent inquiry into his case between the time he sent a letter to counsel in 1998 and 2007, a period of nearly 10 years.

(Ex. D, p. 44) (citing *State of Florida v. Boyd*, 846 So.2d 458, 460 (Fla. 2003) ("an extension of time under rule 3.050 is not designed to indefinitely expand the two-year deadline, but only to afford a defendant a short period of extra time to file the motion where good cause is shown")).

Despite the circuit court's clear rejection of Mr. Romero's arguments, it issued a separate order denying Mr. Romero's belated motion for post-conviction relief (ex. D, p. 63). It denied Mr. Romero's claims of fundamental error on the merits because such claims may be raised at any time under Florida law (ex. D, pp. 63-66). It

---

[2] Mr. Romero's state petition alleged his counsel informed him by letter of March 11, 1998, that he may have to pursue federal remedies (ex. C, pp. 4-5; *see* ex. D, p. 44). However, he claims he did not learn of this letter until 2007 (ex. C, p. 5). The state habeas court found that Mr. Romero's allegation that he did not learn counsel's advice regarding federal remedies did not explain his failure to file for state remedies before 2007 (ex. C, p. 44).

summarily denied the claims of ineffective assistance of counsel as untimely (*id.*). The record does not reflect that Mr. Romero appealed the denial.[3]

On May 15, 2008, Mr. Romero filed a motion for arrest of judgment in the circuit court pursuant to Rule 3.610(d), Florida Rules of Criminal Procedure (ex. G, p. 1).  He sought a writ of habeas corpus authorizing him to file a belated 3.850 motion for post-conviction relief based on a fundamental miscarriage of justice and a claim of "procedural actual innocence" (ex. G, p. 2).  He alleged the indictment under which he was convicted was so defective that it did not support a conviction (ex. G, p. 1).  On July 18, 2008, the court dismissed the motion without prejudice as untimely under Rule 3.610(d), Florida Rules of Criminal Procedure, which requires a motion be made within ten days of the verdict (ex. H, p. 1).   The court also dismissed the motion as untimely under Rule 3.850 for failing to meet the content requirements of subsection (c) (ex. H, p. 1).[4]  Mr. Romero filed an untimely appeal (ex. I), and the First DCA *per curiam* dismissed the appeal on December 3, 2008.[5] *Romero v. State of Florida*, 996 So.2d 240 (Fla. 1st DCA 2008) (Table) (copy at ex. E).

On March 26, 2009, Mr. Romero filed another motion for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure (ex. J, p.1).   He requested relief based on newly discovered evidence; specifically, he attached an

---

[3]  Mr. Romero also filed petitions for writ of mandamus with the circuit court and First DCA on September 25, 2007, and August 24, 2007, respectively (ex. PD-1, p. 3; PD-3).  The disposition in the circuit court is not clear from the record; the First DCA dismissed the petition on October 2, 2007, for failure to respond to a court order (ex. PD-3).  These petitions overlap with Mr. Romero's other motions and have no bearing on the habeas statute of limitations period.

[4]  The motion lacked a statement "whether any previous post-conviction motions were filed, how many, and the reason the claims in the present motion were not raised in the former; and a proper oath attesting to the truthfulness of the motion."  (Ex. H, p. 1).

[5]  Mr. Romero also filed a petition for writ of mandamus in the First DCA on November 20, 2008, by mailbox rule (ex. F).  He asked the court to compel his counsel to produce a "(1) free copy of whole production of transcripts, records, etc. . . .." (Ex. F, p. 4).  He alleged his counsel's failure to provide him with these records prevented him from seeking post-conviction relief, thus denying him access to the courts and violating his constitutional rights (ex. F, pp. 2-6).  The First DCA dismissed the case on February 19, 2009, for failure to pay the filing fee and comply with a court order (ex. PD-5).

affidavit of his co-defendant and brother, Raymond Romero, confessing to the crimes for which Mr. Romero was convicted (ex. J, pp. 3-4, 32).  The Rule 3.850 court denied Mr. Romero's motion on February 26, 2010 (ex. J, p. 40).  It summarized the contents of the allegation and compared them with the record evidence and trial testimony (ex. J, pp. 41-43).  The court stated that newly discovered evidence must "probably produce an acquittal on retrial" to warrant post-conviction relief.  (Ex. J, p. 43) (citing *Hunter v. State of Florida*, 29 So.3d 256 (Fla. 2008)).  The court determined it could deny relief without an evidentiary hearing because the record showed strong evidence of Mr. Romero's guilt (ex. J, p. 43).  It found that assuming the motion was facially sufficient and the confession was admissible, Mr. Romero's brother's statements directly contradicted the testimony of several witnesses, including the other co-defendants (ex. J, pp. 43-44).  The court concluded:  ". . .the affidavit is so inherently incredible that there is no reasonable probability it would result in an acquittal."  (Ex. J, p. 44).  Mr. Romero appealed, and the First DCA affirmed the Rule 3.850 court's decision on June 30, 2010 (ex. M).  On August 13, 2010, the First DCA also denied Mr. Romero's July 8, 2010, motion for rehearing (exs. N and O).

Mr. Romero filed the instant petition for federal habeas corpus on December 15, 2010 (doc. 1).  He raises four grounds for relief that allege the Rule 3.850 court erred in denying his post-conviction motion based on newly discovered evidence (doc. 1, pp. 4-5).  Ground One claims the court erred in denying him an opportunity to amend his motion before issuing its decision that the motion was facially insufficient (*id.* at 4).  Ground Two  alleges the court applied "an incorrect standard that's non-published and non-binding for persuasional [sic] purpose."  (*Id.* at 4).  Ground Three claims the court abused its discretion by failing to hold an evidentiary hearing before denying Mr. Romero's motion (*id.* at 5).  Ground Four alleges the court erred in denying his motion because he is actually innocent of the crimes  for which he was convicted (*id.* at 5).  Mr. Romero's actual innocence claim is based on

his brother's (and co-defendant's) 2008 affidavit confessing to the crime for which Mr. Romero was convicted (ex. J, p. 33).  Respondent contends the petition should be dismissed as untimely.

## DISCUSSION

<u>Analysis of Respondent's argument that Mr. Romero's petition is untimely.</u>

Mr. Romero's pleadings here are not entirely clear.  He seems to be challenging the Rule 3.850 court's factual findings concerning the credibility of his "new evidence."  If that is his intent he must fail, because the Rule 3.850 court made factual findings to which this court owes deference.  *Callahan v. Campbell*, 427 F.3d 897, 926 (11th Cir. 2005).  This court has reviewed the record, and finds that the Rule 3.850 court's findings are well supported by the evidence.  Consequently, Mr. Romero is not entitled to relief.

In the other hand, Mr. Romero's pleadings here can be read differently.  Construed liberally, the four claims in the petition essentially allege fundamental error by the Rule 3.850 court, which could result in a denial of the constitutional right to due process.  Generally, claims alleging due process violations are cognizable in federal habeas court.  The court must therefore consider whether these claims are so cognizable.

The federal period of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending. . .." 28 U.S.C. 2244(d)(2). Mr. Romero did not have a properly filed motion challenging the 1998 affirmation of his conviction until 2007.  To be sure, Mr. Romero's claim is time-barred if the court calculates the one year statute of limitations under 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"),  Pub. L. 104-132, § 104, 110 Stat. 1214, 1218-19, from the close of state court direct review in

1998.[6]  However, the petition may be timely if the court calculates the statute of limitations from the date he learned of the "new evidence."  28 U.S.C. 2244(d)(1)(D).[7]

The affidavit of Raymond Romero is dated March 8, 2008 (ex. J, pp. 33-34).  Mr. Romero's Rule 3.850 motion based on newly discovered evidence—the affidavit wherein his brother confesses to his crimes—is dated March 26, 2009.  While the undersigned questions why Mr. Romero would wait one year before filing his motion based on the affidavit, it is possible that the form contained a mere clerical error.  The year is preprinted on the affidavit.  Again giving Mr. Romero the benefit of the doubt for purposes of this discussion only, the court will assume that the affidavit was actually signed in March 2009, and was executed just eighteen days before Mr. Romero filed his motion.  Therefore, Mr. Romero learned of the factual predicate of his federal claim on March 26, 2009, at the very latest.  Under this assumption, the aggregate period of time Mr. Romero did not have a properly filed state motion from March 26, 2009, to the date he filed the instant habeas petition is less than one year.

Respondent contends the March 2009 motion could not revive the expired limitation period (doc. 11, p. 4) (citing *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) ("A state court filing after the federal habeas filing deadline does not revive it.")).  *Accord Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (properly filed post-conviction motion cannot reset the limitations period).  Respondent's

---

[6]   The AEDPA states in part:
A person in custody pursuant to a state court judgment must file a petition for habeas corpus within one year of the latest of:
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
28 U.S.C. § 2241(d)(1).

[7]   The AEDPA provides an alternate date from which to calculate the statute of limitations:
A person in custody pursuant to a state court judgment must file a petition for habeas corpus within one year of the latest of:
. . .
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2241(d)(1).

interpretation of *Sibley* is misplaced as applied to these facts.  The *Sibley* court rejected the argument that subsequently filed documents "that purport to 'relate back' to previously submitted documents" revive the statute of limitations. 321 F.3d at 1204.  But Mr. Romero's 2009 motion does not relate back to an earlier filing as would, for example, a belated Rule 3.850 motion.  Mr. Romero's motion alleged new evidence, separate from and unrelated to his claims in prior motions and allowable under Florida procedural law.  Fla. R. Crim. P. 3.850.  The statute of limitations should be calculated under § 2244(d)(1)(D): the period began to run when Mr. Romero learned of the factual predicate for the claim.

Alternatively, Respondent contends the "so-called evidence in the affidavit" is not new because Mr. Romero should have known of the factual predicate of the claim no later than the time of trial (doc. 11, p. 5).  The affidavit is Raymond Romero's account of the facts leading to Mr. Romero's conviction.  Respondent asserts Mr. Romero knew this account at the time it happened if the account is true (doc. 11, p. 5).  Respondent concludes Mr. Romero's petition is untimely even if the AEDPA statute of limitations is calculated according to § 2244(d)(1)(D).

The undersigned does not have to reach the question of when Mr. Romero should have known of the factual predicate for the 2009 motion because the claims are not cognizable on federal habeas review, as discussed below.  If the claim is not cognizable, it cannot be the basis for calculating when the one-year statute of limitations began to run.  The 2009 motion for post-conviction relief must be removed from the "statute of limitations time-line."  The result is that Mr. Romero did not have a properly filed motion between March 4, 1998, and May 1, 2007, or three thousand three hundred forty-five days.  Mr. Romero's petition is untimely.

## Mr. Romero's claims are not cognizable on federal habeas review.

Mr. Romero's federal petition does not specify of what constitutional right he is being deprived.  In a strict sense, this failure alone bars his claim under the

AEDPA.[8]  It is well established in the Eleventh Circuit that a § 2254 court is not an appropriate forum for a prisoner who wishes to challenge the process afforded him in state post-conviction proceedings.  "Federal habeas relief is available to remedy defects in a defendant's conviction and sentence, but 'an alleged defect in a collateral proceeding does not state a basis for habeas relief.'"  *Alston v. Dep't of Corr., Florida*, 610 F.3d 1318, 1325 (11th Cir. 2010) (quoting *Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004)); *see also Spradley v. Dugger*, 825 F.2d 1566, 1568 (11th Cir. 1987) (habeas petitioner's claim that errors in Rule 3.850 proceeding violated his right to due process did not state a basis for habeas relief because the claim "[went] to issues unrelated to the cause of petitioner's detention").

Mr. Romero's claims alleging deprivation of due process rights based on the Rule 3.850 court's decision denying post-conviction relief do not present cognizable federal habeas claims.   Mr. Romero does not assert that an independent constitutional violation occurred at his trial, nor does he allege the *record* evidence was insufficient to support his conviction.  Therefore, he has failed to state a cognizable claim.


**Section 2254 fundamental miscarriage of justice exception does not perfect Mr. Romero's petition.**

Mr. Romero's petition is uncommon in that it challenges a state collateral proceeding based on newly discovered evidence showing actual innocence. Necessarily, his federal petition also includes an actual innocence claim.   Mr. Romero's claims alleging error in the Rule 3.850 decision are not cognizable for habeas review because he is not challenging a defect in his conviction or sentence. Therefore, the real question here is whether an actual innocence claim excuses an

---

[8]  Section 2254(a), United States Code provides in relevant part: ". . . a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

otherwise untimely claim.  Respondent asserts that Mr. Romero must first show the AEDPA excepts claims of actual innocence from the one-year statute of limitations (doc. 11, p. 4).  Even if Mr. Romero can make that showing, Respondent asserts he cannot make a showing of actual innocence.

The Eleventh Circuit has not decided whether a showing of actual innocence is an exception to the statute of limitations in the AEDPA.  *Johnson v. Florida Dep't of Corr.*, 513 F.3d 1328, 1333 (11th Cir. 2008); *see also Ray v. Michigan*, 272 Fed. Appx. 807, 810 n.2 (11th Cir. 2008) (unpublished opinion).   The court has acknowledged the equitable concerns without applying an exception:

> Having concluded that § 2244(d) does not per se constitute an unconstitutional suspension, we turn to Wyzykowski's argument that the limitation period unconstitutionally suspends habeas relief where the petitioner shows actual innocence and, therefore, an actual innocence exception must be read into the provision.  In other words, absent an exception for actual innocence, he contends, § 2244(d) works an unconstitutional suspension of the writ of habeas corpus when applied to him.. . .
>
> Wyzykowski's argument raises a troubling and difficult constitutional question.  Where the petitioner can show actual innocence and § 2244(d)'s limitation period has expired, does the bar to filing a first federal petition constitute an unconstitutional suspension of the writ of habeas corpus?  The question raises concerns because of the inherent injustice that results from the conviction of an innocent person, and the technological advances that can provide compelling evidence of a person's innocence.  The courts faced with Suspension Clause challenges to § 2244(d) have been able to avoid deciding the difficult constitutional issue of whether the clause requires an exception to § 2244(d) for actual innocence because the petitioners were unable to make a showing of actual innocence.
>
> . . . We agree with the Second Circuit that the factual issue of whether the petitioner can make a showing of actual innocence should be first addressed, before addressing the constitutional issue of whether the Suspension Clause requires such an exception for actual innocence.

*Wyzykowski v. Dep't of Corr.*, 226 F.3d 1213, 1217-18 (11th Cir. 2000) (citations omitted).  However, United States Supreme Court precedent suggests a narrow

exception to procedural default if failure to address the petition would result in a fundamental miscarriage of justice:

> This is not to say that our habeas jurisprudence casts a blind eye toward innocence.  In a series of cases culminating with *Sawyer v. Whitley*, 505 U.S. 333, 112 S. Ct. 2514, 120 L. Ed. 2d 269 (1992), decided last Term, we have held that a petitioner otherwise subject to defenses of abusive or successive use of the writ may have his federal constitutional claim considered on the merits if he makes a proper showing of actual innocence. This rule, or fundamental miscarriage of justice exception, is grounded in the "equitable discretion" of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons.  But this body of our habeas jurisprudence makes clear that a claim of "actual innocence" is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.

*Herrera v. Collins*, 506 U.S. 390, 404, 113 S. Ct. 853, 862, 122 L. Ed. 2d 203 (1993) (citations omitted).[9]  In *Herrera*, the petitioner asserted a "freestanding" claim of actual innocence based on newly discovered evidence.  506 U.S. at 862-63, 113 S. Ct. at 404-05 (affidavits of deceased brother's former attorney and cell-mate stating brother told them he committed the crimes were insufficient; the trial showed overwhelming evidence of guilt and the affidavits were submitted eight years after conviction).  The Court rejected the claim in part by holding that the narrow actual innocence exception is only applicable when the petitioner asserts it in order to

---

[9] The undersigned recognizes that even under *Herrera*, the petitioner must still make an independent constitutional claim. For the reasons discussed, Mr. Romero's independent claims are not cognizable on habeas review.  The court entertains the actual innocence analysis exclusively because the United States Supreme Court precedent states one must make an independent claim, but nevertheless addresses the actual innocence claim on the merits because.

bring an independent claim of constitutional error at trial.  506 U.S. at 862, 113 S. Ct. at 404.[10][11]

Following Eleventh Circuit precedent, Mr. Romero's claims attacking the validity of the post-conviction proceedings are not cognizable under § 2254.  But because the Court in *Herrera* and other United States Supreme Court decisions at least appear to address a petitioner's claim predicated on the state post-conviction process when the petitioner claims actual innocence, the undersigned analyzes Mr. Romero's claim of actual innocence.  *But see Herrera, supra* (actual innocence is only a gateway to otherwise barred claims); *Kuhlman v. Wilson*, 477 U.S. 436, 454, 106 S. Ct. 2616, 2627, 91 L. Ed. 2d 364 (1986) (plurality opinion) (fundamental miscarriage of justice exception does not apply to freestanding claims of actual innocence); *Townsend v. Sain*, 372 U.S. 293, 317, 83 S. Ct. 745, 759, 9 L. Ed. 2d 770 (1963) ("the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002) (petitioner alleged no independent constitutional violation, so he was not entitled to federal habeas relief).

A federal habeas court may reach the merits of a claim that is procedurally defaulted if the petitioner shows either "cause for the default and actual prejudice resulting therefrom," or a fundamental miscarriage of justice.  *Kelley v. Sec'y for the Dep't of Corr.*, 377 U.S. 1317, 1345 (11th Cir. 2004); *High v. Head*, 209 F.3d 1257, 1261 (11th Cir. 2000).  Mr. Romero does not argue cause for the default or actual prejudice resulting therefore.  His sole argument is that the Rule 3.850's decision resulted in

---

[10]  The Court noted that the petitioner was not without another remedy.  It suggested the petitioner should request executive clemency in the state in which the petitioner was convicted.  506 U.S. at 411 n.12, 113 S. Ct. at 866 n.12.

[11]  The United States Supreme Court has also considered the merits of federal habeas challenging post-conviction proceedings in the context of determining whether a capital prisoner is "sane" for purposes of execution and in holding that habeas corpus and not § 1983 proceedings are the proper avenue when the action may have the effect of determining the petitioner's incarceration violates federal law.  *See Ford v. Wainwright*, 477 U.S. 399, 414-17, 106 S. Ct. 2595, 2604-06 (1986) *and Heck v. Humphrey,* 512 U.S. 477, 487, 114 S. Ct. 2364, 2372-73.

a "manifest injustice." (Doc. 1, p. 5).  A court may consider an untimely federal habeas petition if refusing to consider the petition "would endorse a 'fundamental miscarriage of justice' because it would require that an individual who is actually innocent remain imprisoned." *San Martin v. McNeil*, ___ F.3d ___, 2011 WL 620990, at *7 (11th Cir. Feb. 23, 2011) (citing *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001)).  To meet the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent" because "it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 867, 130 L. Ed. 2d 808 (1995).  Further:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.  To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.

*Id.*  To avoid a procedural bar premised on a claim of actual innocence, a petitioner must show "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327, 115 S. Ct. 851, 867, 130 L. Ed. 2d 808 (1995).  The claim must be supported by "new reliable evidence. . .that was not presented at trial."  513 U.S. at 324, 115 S. Ct. at 865.[12]

---

[12]  The Court contrasted Schlup's claim with Hererra's:

> Schlup, in contrast [to Herrera], accompanies his claim of innocence with an assertion of constitutional error at trial.  For that reason, Schlup's conviction may not be entitled to the same degree of respect as one, such as Herrera's, that is the product of an error free trial.  Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.  However, if a petitioner such as Schlup presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims.

*Schlup*, 513 U.S. at 316, 115 S. Ct. at 861.  Schlup's innocence claim was not itself a basis for relief; it "depend[ed] critically on the validity of his *Strickland* and *Brady* claims."  *Id.*, 513 U.S. at 315, 115

In *Schlup*, the newly discovered evidence consisted of, among other things, numerous affidavits of "black inmates attesting to the innocence of a white defendant in a racially motivated killing," and affidavits of the inmate housing clerk and prison lieutenant that showed Schlup's activities were incongruous with the time-line of events for the murder. *Schlup*, 513 U.S. at 316-17,331, 115 S. Ct. at 862, 869. Mr. Romero's brother's affidavit does not come close to meeting the "new reliable evidence" standard established by *Schlup*. The claim does not raise "sufficient doubt about [his] guilt to undermine confidence in the result of the trial." *Schlup*, 513 U.S. at 317, 115 S. Ct. at 862. As the Rule 3.850 court found, Raymond Romero's affidavit is inconsistent with other witnesses' testimony at trial and directly contradicts Mr. Romero's testimony that they did not conspire to rob or kill the victim (ex. J, pp. 41-43). Courts that have confronted similar facts have rejected such affidavits as insufficient to support a claim of actual innocence. *See Herrera*, *supra*; *Arthur v. Allen*, 452 F.3d 1234, 1246 (11th Cir. 2006), *cert. denied*, 549 U.S. 1338, 127 S. Ct. 2033, 167 L. Ed. 2d 763 (2007) (rejecting claim because, among other concerns, 11th-hour exculpatory affidavits are suspect); *Ray*, 272 Fed. Appx. at 810 (affidavit from man claiming responsibility, woman claiming victim told her she made up the allegation, and letter from victim insufficient to show actual innocence).

**Mr. Romero is not entitled to summary judgment.**

Mr. Romero filed a motion (titled "petition") for summary judgment based on Respondent's failure to style its response in the form of an answer. Rule 5 of the Rule Governing Section 2254 Cases in the United States District Courts and this court's December 20, 2010 order (doc. 6) do not require this response to be styled as an answer (doc. 16).[13] Respondent's motion to dismiss is appropriate, as Mr.

---

S. Ct. at 861.

[13] Mr. Romero also asserts his pleadings show the petition is not time-barred (doc. 16, p. 2). As discussed, Mr. Romero's petition is untimely.

*Case No. 3:10cv531/MCR/MD*

Romero's petition is untimely.  For the reasons set forth above, Mr. Romero's motion for summary judgment should be denied.

## CONCLUSION

Respondent contends Mr. Romero's petition is untimely because: (1) his March 2009 motion alleging newly discovered evidence does not revive the expired statute of limitations under the AEDPA; (2) even assuming the statute of limitations is calculated from the date Mr. Romero should have known of the factual predicate, the claim is still untimely; and (3) Mr. Romero cannot state a claim for actual innocence so as to excuse his otherwise procedurally defaulted claim.  (Doc. 11).

The undersigned has carefully reviewed Mr. Romero's post-conviction motions, state habeas corpus petition, state petition for writ of mandamus, and all submissions in this proceeding.  Mr. Romero's Grounds One through Four alleging Rule 3.850 court error in denying his March 2009 post-conviction motion claiming actual innocence are not cognizable for purposes of habeas relief under 28 U.S.C. § 2254.  The March 2009 motion cannot be considered for purposes of calculating the running of the statute of limitations, and Mr. Romero's petition is untimely.  Mr. Romero has not made a showing of actual innocence and lacks separate claims alleging constitutional violations relating to his conviction and sentence.  His motion for summary judgment is not proper for the relief he seeks is without merit.  For all these reasons, the undersigned respectfully recommends Mr. Romero's petition be dismissed as untimely, motion for summary judgment be denied, and a Certificate of Appealability be denied.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing

required by 28 U.S.C. § 2253(c)(2)." Rule 11(a), Rules Governing Section 2254 Cases. A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.      That the 28 U.S.C. § 2254 petition for writ of habeas corpus (doc. 1), challenging the conviction and sentence in *State of Florida v. Thomas Anthony Romero* in the Circuit Court of Santa Rosa County, Florida, case no. 95-0507, be DISMISSED with prejudice and the clerk be directed to close the file.

2.      That petitioner's petition for summary judgment (doc. 16) be DENIED.

3.      That a certificate of appealability be DENIED.

At Pensacola, Florida, this 24th day of August, 2011.


/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO PARTIES</u>

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties</u>.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**